IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIARA BURTON, | : |
| | :    **CIVIL NO: 1:16–CV–01953** |
| Plaintiff, | : |
| | : |
| v. | : |
| | :    (Chief Magistrate Judge Schwab) |
| JOHN WETZEL, *et al.*, | : |
| *Secretary of the Pennsylvania* | : |
| *Department of Corrections*, | : |
| | : |
| Defendants. | : |

## **MEMORANDUM**

**I.  Introduction.**

In this 42 U.S.C. § 1983 civil rights action, *pro se*[1] plaintiff Niara Burton ("Ms. Burton"), a transgender inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), alleges that Secretary John Wetzel and other officials and staff members of the DOC (hereinafter, "the Defendants") are responsible for failing to prevent or otherwise subjecting her to foreseeable sexual harassment and abuse, for retaliating against her when she filed grievances reporting such abuse, and for denying her necessary medical treatment, including gender affirming surgery. In connection with these allegations, Ms. Burton asserts a deprivation of her rights under the First, Eighth, and Fourteenth Amendments to

---

[1] We note that counsel for Ms. Burton have withdrawn from the case, but requested and were granted permission to represent Ms. Burton for purposes of the instant motion. *See docs. 66, 74.*

the United States Constitution, as well as violations of the Prison Rape Elimination Act, 42 U.S.C. § 15601. *See doc. 55*. Currently before the Court is the Defendants' motion for attorney's fees (*doc. 60*), wherein they seek the costs that they incurred in successfully defending Ms. Burton's motion for a preliminary injunction (*doc. 30*). For the reasons set forth below, we will deny the Defendants' motion for attorney's fees because, even if they could meet the "prevailing party" requirement for an award of attorney's fees pursuant to 42 U.S.C. § 1988, we would still find that Ms. Burton's motion for a preliminary injunction was not frivolous, unreasonable, or without foundation.

## II. Background and Procedural History.[2]

Ms. Burton commenced this action on September 26, 2016, by filing a complaint pursuant to 42 U.S.C. § 1983, alleging that the Defendants deprived her of rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution. *Doc. 1*. On May 2, 2017, the parties consented to proceed before a United States Magistrate Judge (*doc. 20*), and shortly thereafter the matter was referred to the undersigned (*see doc. 21*).

Ms. Burton then filed, on July 25, 2017, a motion for a preliminary injunction. *Doc. 30*. Ms. Burton's motion sought to enjoin the defendants "from

---

[2] Because we write for the benefit of the parties, we will not recite the entire factual and procedural background of this case. Instead, we will recapitulate the background relevant to our discussion of the instant motion.

taking any adverse action against her – including but not limited to the issuance of misconducts and placement in restrictive housing – in retaliation for filing grievances reporting sexual abuse and misconduct."[3] *Id.* at 1. The events giving rise to Ms. Burton's motion were two instances of alleged wrongdoing in early May, 2017: in the first, prison staff at SCI Coal Township allegedly groped Ms. Burton while removing her from her cell; and in the second, Ms. Burton alleged that prison staff committed voyeurism during a strip-search of her person. *See doc. 57* at 5. Ms. Burton alleged that when she responded to these situations by filing grievances against prison staff, they retaliated by citing her for misconduct. *See doc. 40* at 11, 19.

We referred this case to United States Magistrate Judge Martin C. Carlson for the purpose of obtaining a ruling on Ms. Burton's motion for a preliminary injunction. *Doc. 32.* While that motion was still pending, Ms. Burton also moved for leave to file an amended complaint. *Doc. 36.* On September 26, 2017, Judge Carlson granted Ms. Burton's motion, seeking leave to file an amended complaint (*doc. 54*), and that same day Ms. Burton filed her amended complaint, which incorporated a new count asserting a deprivation of her First Amendment right to

---

[3] Ms. Burton also sought release from restrictive housing, where she had been placed for purportedly making false statements in the grievances that she filed. *Doc. 30* at 1-2. At the preliminary injunction hearing, however, the parties agreed that because Ms. Burton had been released from restrictive housing, her request for relief on this basis was moot. *See doc. 57* at 3 n.1.

petition the government for redress of grievances (*doc. 55*). The next day, on September 27, 2017, Judge Carlson issued a Memorandum Opinion and Order, denying Ms. Burton's motion for a preliminary injunction, but without prejudice to her renewal of the motion before us at a later time. *Doc. 57*.

Then, on October 17, 2017, the Defendants filed the instant motion for attorney's fees, seeking to recover $22,900 for the costs that they incurred in successfully defending Ms. Burton's motion for a preliminary injunction. *Doc. 60* at 2. That motion, which has been fully briefed by the parties (*see docs. 63*, *77*), is ripe for our disposition.

**III. Discussion.**

In the United States, parties are generally responsible for their litigation expenses consistent with a longstanding tradition known as the "American Rule." *Fox v. Vice*, 563 U.S. 826, 832 (2011) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). But, this rule is not absolute, and a court may grant a party's motion for attorney's fees in certain circumstances. *See* FED. R. CIV. P. 54(d)(2). Indeed, parties may seek to invoke a fee-shifting statute through which Congress has permitted the transfer of litigation expenses between parties. *See Fox*, 563 U.S. at 832 (citing *Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

In a 42 U.S.C. § 1983 civil rights action, as here, the relevant fee-shifting statute is 42 U.S.C. § 1988, which provides in pertinent part as follows: "In any action or proceeding to enforce a provision of [§ 1983] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs[.]" As a threshold matter, therefore, a movant may recover his attorney's fees only if he qualifies as a "prevailing party." *See Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980) (per curium) ("Congress intended to permit the . . . award of counsel fees only when a party has prevailed on the merits[.]"); *Hewitt v. Helms*, 482 U.S. 755, 759 (1987) ("In order to be eligible for attorney's fees under § 1988, a litigant must be a 'prevailing party.'"). Thus, if the movant does not qualify as a "prevailing party," then the court is without authority to grant attorney's fees under § 1988. *See Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 789 (1989) ("*Texas State*") ("No fee award is permissible until the plaintiff has crossed the statutory threshold of prevailing party status.") (internal quotation marks omitted)).

A plaintiff qualifies as a "prevailing party" under § 1988 when he or she "succeed[s] on any significant issue in litigation which achieves some of the benefit . . . [the plaintiff] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In other words, "the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between [himself] and the

defendant." *Texas State*, 489 U.S. at 792. As articulated by the United States Supreme Court, however, the change in the parties' legal relationship must be "judicially sanctioned." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001); *accord CRST Van Expedited v. E.E.O.C.*, ⎯⎯ U.S. ⎯⎯, 136 S.Ct. 1642, 1646, 194 L.Ed.2d 707 (2016) (explaining, in the context of employment discrimination actions, that the alteration of the parties' legal relationship "must be marked by 'judicial imprimatur.'"[4] (quoting *Buckhannon*, 532 U.S. at 605)).

"Although a prevailing party can be either a plaintiff or a defendant, 'the standard for awarding attorney's fees to prevailing defendants is more stringent than that for awarding fees to prevailing plaintiffs.'" *Raab v. City of Ocean City, New Jersey*, 833 F.3d 286, 297 (3d Cir. 2016) (*Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 157–58 (3d Cir. 2001)). Indeed, even if a defendant qualifies as a prevailing party under § 1988, "he may recover attorney's fees 'only if the District Court finds that the plaintiff's action was frivolous, unreasonable, or without foundation[.]" *Raab*, 833 F.3d at 297 (quoting *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (quotation marks omitted); *see also Arneault v. O'Toole*, 718 F.

---

[4] In *CRST Van Expedited*, the United States Supreme Court addressed the term "prevailing party" in the context of 42 U.S.C. § 2000e—5(k), not 28 U.S.C. § 1988. *CRST Van Expedited*, 136 S. Ct. at 1646. We note, however, that "it has been the [Supreme] Court's approach to interpret th[at] term in a consistent manner" across various fee-shifting statutes. *CRST Van Expedited*, 136 S. Ct. at 1646. *Id.*

6

App'x 148, 152 (3d Cir. 2017) (non-precedential) (stating that federal district courts "are entitled to award reasonable attorneys' fees to prevailing defendants in § 1983 matters 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" (quoting *Fox*, 563 U.S. at 833)). Unsurprisingly, "[a]ttorney's fees for prevailing defendants . . . are 'not routine,'" and "'are to be only sparingly awarded.'" *Raab*, 833 F.3d at 297 (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 503 (3d Cir. 1991)).

In the Title VII context, where a similar "frivolous, unreasonable, or without foundation" standard is employed, the United States Court of Appeals has instructed federal district courts to consider a number of factors in determining whether an award of attorney's fees to a prevailing defendant is appropriate, including: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; (3) whether the court held a full trial on the merits; (4) whether the issue in the case was one of first impression; and (5) whether the controversy was based on a real threat of injury to the plaintiff. *Raab*, 833 F.3d at 297 n.6 (citing *Barnes*, 242 F.3d at 158). These factors, however, "are merely guidelines, not strict rules," and "determinations regarding frivolity are to be made on a case-by-case basis." *Barnes*, 242 F.3d at 158 (citing *Sullivan v. School Bd.*, 773 F.2d 1182 (11th Cir. 1983)).

Consistent with these prevailing standards, the Defendants argue, among other things, that they qualify as prevailing parties because they successfully defended Ms. Burton's motion for a preliminary injunction. *Doc. 63* at 4. Even if we were to accept the Defendants' contention that they qualify as prevailing parties, we would still conclude that Ms. Burton's motion was not frivolous, unreasonable, or without foundation. Most notably, the dearth of authority directly supporting the Defendants' motion for attorney's fees at this stage of the proceedings and in this specific context troubles us.

Moreover, the five factors outlined above make sense only in the typical setting of a case that has already been resolved. This case, however, remains alive and well. Thus, regarding the first factor, we cannot adequately consider whether Ms. Burton has established a prima facie case, because we have not yet had the opportunity to examine the merits thereof. As for the second and third factors, this case, which is still in the early stages of litigation, has not proceeded to a full-blown trial on the merits, and it is unclear whether the Defendants have offered to settle at such early stages. With respect to the fourth factor, we observe Judge Carlson's thoughtful reflection that "this case presents substantial questions regarding how courts should reconcile issues of personal autonomy, gender identity, and personal privacy with the essential security requirements of the state correctional system." *Doc. 57* at 1. The issues alleged in this case, while not

necessarily matters of first impression, are, nevertheless, substantial and worthy of meaningful consideration. Finally, as to the fifth factor, we are of the view that the threat of injury Ms. Burton alleged in her motion for a preliminary injunction (i.e., sexual assault and harassment by prison guards and retaliation against her exercise of the constitutional right to petition the government) was, at the very least, plausible. Thus, we conclude that these five factors weigh against awarding the Defendants their requested attorney's fees.

Moreover, apart from those factors, we also doubt the fairness of assessing attorney's fees to Ms. Burton because of strategic decisions that were made by her prior counsel, who have since withdrawn their representation in this matter. The Defendants' motion illustrates the unintended consequences of when a client identifies an objective and counsel uses his or her professional judgment to ascertain the best means for achieving that objective. *See, e.g.*, *Pa. Rules of Prof'l Conduct* R. 1.2(a). Here, Ms. Burton's objective was to assert her civil rights against the Defendants' wrongdoing by using the only means immediately available to her, the prison's grievance system. Ms. Burton's counsel then pursued that objective by filing a motion for a preliminary injunction, which her counsel briefed and argued at a hearing before Judge Carlson. Ms. Burton's argument, therefore, that an award of attorney's fees would be an extreme sanction under these circumstances is highly persuasive. Indeed, if Ms. Burton's prior counsel had

9

not continued their representation for purposes of the Defendants' instant motion, Ms. Burton would be left to personally defend numerous tactical decisions that she did not make in this litigation. Thus, the role that Ms. Burton actually played in the motion for a preliminary injunction weighs decisively against the award of fees.

In sum, we conclude that, even if the Defendants qualify as prevailing parties under 42 U.S.C. § 1988, Ms. Burton's motion for a preliminary injunction was not frivolous, groundless, or unreasonable. Furthermore, we are loathe to risk chilling the exercise of Ms. Burton's right to petition the government for redress by assessing attorney's fees where, as here, all of her claims in this case remain very active.

## IV. Conclusion.

Thus, on the basis of the foregoing, we will deny the Defendants' motion for attorney's fees. *See doc. 60*. An appropriate implementing order follows.

*/S/ Susan E. Schwab*
Susan E. Schwab
United States Chief Magistrate Judge